IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUDY C. THOMAS,                    )
                                   )
            Plaintiff,             )      Civil No. 00-1150-JE
                                   )
            v.                     )      FINDINGS AND
                                   )      RECOMMENDATION
AVCO FINANCIAL SERVICES,           )
an assumed business name           )
of AVCO MONEY BY MAIL, INC.,       )
a foreign corporation,             )
ASSOCIATES FINANCIAL SERVICES      )
CO., a foreign corporation,        )
PROVIDIAN FINANCIAL                )
CORPORATION, a foreign             )
corporation, KEYBANK, N.A.,        )
EQUIFAX CREDIT INFORMATION         )
SERVICES, INC., a foreign          )
corporation, and TRANS UNION       )
LLC, a foreign corporation,        )
                                   )
            Defendants.            )
_____)

JELDERKS, Magistrate Judge:

       Plaintiff Judy C. Thomas brings this action against

several defendants, claiming violations of the Fair Credit

Reporting Act, 15 U.S.C. §§ 1681-1681u.  Plaintiff now moves

1 - FINDINGS AND RECOMMENDATION

to remand to state court, contending that defendants' notice
of removal is untimely because they filed it more than thirty
days after initial service of the complaint.  I recommend
denying plaintiff's motion to remand.

### BACKGROUND

Plaintiff filed this action in Multnomah County Circuit
Court on May 26, 2000.  The defendants named in the complaint
were Avco Financial Services, an assumed business name of Avco
Money By Mail, Inc. (Avco); Associates Financial Services Co.;
Providian Financial Corp.; Keybank, N.A.; Equifax Credit
Information Services, Inc.; and Trans Union LLC.  Plaintiff
served defendants Avco and Associates Financial Services that
day.

Plaintiff filed an amended complaint on June 16, 2000,
which named the same defendants as her original complaint.
She served defendants Providian Financial and Keybank N.A. on
June 20 and 22, 2000.

Plaintiff served defendants Trans Union and Equifax
Credit Information Services, Inc., on July 21, 2000.  Trans
Union filed a notice of removal, with the other defendants'
consent, on August 18, 2000.

### STANDARDS

If, as here, a plaintiff's initial pleading shows on its
face that the action is removable, a defendant must file the
notice of removal "within thirty days after the receipt by the

2 - FINDINGS AND RECOMMENDATION

defendant, through service or otherwise, of a copy of the
initial pleading." 28 U.S.C. § 1446(b). The defendant has
the burden of showing that removal is proper. <u>Duncan v.
Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Plaintiff's motion depends on the validity of the first-
served defendant rule. The rule holds that the removal
statute "creates a single thirty-day period in which to remove
an action to federal court, which begins to run when the first
defendant is served." <u>Griffith v. American Home Prods. Corp.</u>,
85 F. Supp. 2d 995, 998 (E.D. Wa. 2000) (rejecting rule).
Courts disagree over the rule's validity. <u>Compare</u> <u>Getty Oil
Corp. v. Insurance Co. of N. Am.</u>, 841 F.2d 1254, 1262-63 (5th
Cir. 1988) (adopting rule), <u>with</u> <u>Brierly v. Alusuisse Flexible
Packaging, Inc.</u>, 184 F.3d 527 (6th Cir. 1999) (rejecting
rule), <u>cert. denied</u>, 120 S. Ct. 790 (2000). The Ninth Circuit
has neither adopted nor rejected the rule. <u>Cf.</u> <u>Cantrell v.
Great Republic Ins. Co.</u>, 873 F.2d 1249 (9th Cir. 1989)
(removal untimely when later-served defendant participated in
case for months before being formally added as defendant); <u>see
Griffith</u>, 85 F. Supp. 2d at 998-99 (distinguishing <u>Cantrell</u>,
and rejecting first-served defendant rule); <u>Biggs Corp. v.
Wilen</u>, 97 F. Supp. 2d 1040, 1043 (D. Nev. 2000) (adopting rule
after determining that the Ninth Circuit has not addressed
it). There is a split of authority within this district.

3 - FINDINGS AND RECOMMENDATION

Compare <u>Parsons v. Hyundai Motor Co.</u>, Civ. No. 97-476-RE (D. Or. June 4, 1997) (adopting rule), <u>and Ford v. GST Telecomm., Inc.</u>, Civ. No. 00-160-HU (D. Or. April 7, 2000) (adopting rule), <u>with Hayden v. Asbestos Corp.</u>, Civ. No. 97-121-PA (D. Or. April 17, 1997) (rejecting rule).

I agree with the Sixth Circuit's reasoning in <u>Brierly</u> and recommend that this court reject the first-served defendant rule.  The rule finds no support in the statute.  The statute refers only to "the defendant" and does not address the problems raised by multiple defendants who receive service more than a month apart.  <u>See</u> 28 U.S.C. § 1446(b).  "If Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided."  <u>Brierly</u>, 184 F.3d at 533.

The rule unfairly forecloses a later-served defendant's chance to persuade the first-served defendant that the action should be removed.  <u>See Bauer v. Transitional School Dist. of City of St. Louis</u>, 88 F. Supp. 2d 999, 1003 (E.D. Mo. 2000); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure:  Jurisdiction 3d</u> § 3732, at 339 (3d ed. 1998) ("[W]hen some of the defendants are served after the first defendant served has waived the removal right by not exercising it within the statutory period, the subsequently served defendants are deprived of the opportunity

to persuade the first defendant to join in the notice of removal.").

The first-served defendant rule may also encourage plaintiffs to manipulate the timing of service to prevent removal. Cf. Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986) (adopting rule but recognizing exception if "a plaintiff's delay in naming a defendant is done in a bad-faith effort to prevent removal").  Defendants allege that such manipulation occurred here.  If the rule were applied in this case, the court would have to evaluate plaintiff's motives for delaying service on Trans-Union.

All defendants joined in the notice of removal, which was filed within thirty days of service on the last defendants. Removal was therefore proper and the motion for remand should be denied.

**CONCLUSION**

I recommend denying plaintiff's motion to remand (#6).

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due January 4, 2001.  If no objections are filed, review of  the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection.

5 - FINDINGS AND RECOMMENDATION

If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 18th day of December, 2000.


_____/s/ John Jelderks_____
John Jelderks
U.S. Magistrate Judge


6 – FINDINGS AND RECOMMENDATION